IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § | 6:21-CR-43<br>JUDGE JDK/KNM |
| MANIK MEHTANI (02) | § § | |

## JOINT MOTION TO CONTINUE

COMES NOW the Defendant, Manik Mehtani, and the United States of America (hereinafter, "the Parties"), each by respective undersigned counsel, and file this Joint Motion to Continue pursuant to 18 U.S.C. §§ 3161(h)(7)(A), respectfully requesting that the Court continue the trial until a date on or after January 23, 2023, and to set associated pretrial deadlines accordingly, in order that the ends of justice are met.  In support of such Motion, the Parties would show this Honorable Court the following:

**I.      Procedural History**

On June 16, 2021, a grand jury for the Eastern District of Texas returned a two-count indictment against Mehtani and his co-defendant, Lois Boyd.  Mehtani was charged with violations of 18 U.S.C. §§ 1952 and 2, Travel Act and Aiding and Abetting, and 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2, Money Laundering and Aiding and Abetting.

On March 10, 2022, a grand jury for the Eastern District of Texas returned a three-count superseding indictment (the First Superseding Indictment) against Mehtani and Boyd.  Mehtani was charged with violations of violations of 18 U.S.C. §§ 1952 and 2, Travel Act and Aiding and Abetting, 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2, Money

Laundering and Aiding and Abetting, and 18 U.S.C. § 1956(h), Conspiracy to Commit Money Laundering.

Shortly after the First Superseding Indictment was returned, Mehtani filed a motion to substitute counsel, and the Court granted his motion.  ECF No. 53, 54.  One week later, on April 8, 2022, Mehtani and Boyd filed an unopposed motion to continue based on the recently filed First Superseding Indictment and Mehtani's retention of new counsel.  ECF No. 55.  The Court entered an order to continue and set the following deadlines:

- Pretrial Motions Deadline      September 6, 2022
- Pretrial Conference            October 11, 2022
- Jury Selection and Trial       October 17, 2022

## II.   Grounds for Motion

The Defendant, through counsel, has received the Government's disclosure of discovery and continues to receive discovery as the Government's investigation continues.  The information revealed by this discovery will require additional, substantial investigation.  Insufficient time remains before the onset of the plea agreement deadline for counsel to complete this investigation and engage in the review, analysis, preparation, assimilation, and negotiation contemplated by the requirements of effective assistance of counsel under the Fifth and Sixth Amendments to the U.S. Constitution.  In the interests of the Defendant's Constitutional Rights to (1) Due Process under the 5th Amendment to the U.S. Constitution, and (2) both Trial by Jury and Effective Assistance of Counsel under the 6th Amendment to the U.S. Constitution, it would not only be necessary, but it would, in fact, be essential for Counsel to have additional time.

The schedules of the Parties further complicate the opportunity to engage in appropriate and substantive negotiations with a goal of resolving this case without the need for a trial on the merits.  Counsel for the Government (AUSA Nathaniel C. Kummerfeld) is scheduled for trial in Case No. 4:21-CR-296, *United States v. Trisha Cervantes, et al*, on October 3, 2022; Case No. 4:20-CR-252, *United States v. Steven Churchill, et al*, on October 7, 2022; Case No. 6:22-CR-22, *United States v. Peter Bennett*, on October 17, 2022; Case No. 5:19-CR-03, *United States v. Michael Martin, et al*, on November 28, 2022; Case No. 5:19-CR-25, *United States v. Steven Donofrio*, on November 30, 2022, to December 21, 2022; and Case No. 6:20-CR-77, *United States v. Corey Johnson, et al*, on January 9, 2023.  AUSA Kummerfeld is scheduled for family vacations on September 30-October 2, 2022, and October 20-25, 2022.  Additionally, AUSA Kummerfeld will be participating in training overseas on September 10-19, 2022, and November 3-18, 2022, and will be organizing and participating in conferences on October 10-12, 2022, and October 26-28, 2022.

Mr. Green, counsel for Mehtani, is scheduled for trial in *United States v. Federico Amador*, Case No. 4:21-CR-283 (EDTX), on October 3, 2022, *United States v. Luis Espinoza*, Case No. 4:20-CR-179 (EDTX), on October 3, 2022, *United States v. Rudy Guevara*, Case No. 4:21-CR-221 (EDTX), on October 7, 2022, *United States v. Jesus Villareal-Ramirez*, Case No. 4:19-CR-68 (EDTX), on November 4, 2022; *United States v. Mosquera, et al.,* 4:21-CR-204 (EDTX), on November 7, 2022, and *United States. v. Hall*, Case No. 3:18-CR-623 (NDTX), on January 23, 2023.

Mr. Clark, co-counsel for Mehtani, is assisting lead counsel in Case No. in 3:21-

CR-253 (NDTX), *United States v. Diana Jean Zugg, et al*. This case is scheduled for trial on November 7, 2022.

Rule 18 of the Federal Rules of Criminal Procedure and the Speedy Trial Act establish that a speedy trial and the prompt administration of justice are desirable ends that weigh against a continuance. Nonetheless, speed is neither the paramount, nor the only consideration. Many other important values may conflict with the need for speed in the trial of a criminal case. Delay in trial that promotes the fairness of the trial, and the purposes served by the trial, is delay well worth the administrative costs it may impose. Prompt justice must be fair, or it is not truly justice. "[A] myopic insistence upon expeditiousness in the face of a justifiable request for delay can render a right to defend with counsel an empty formality." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964); *Kirkpatrick v. Blackburn*, 777 F.2d 272, 278 (5th Cir. 1985). The Parties respectfully asserts that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial served by taking this action. 18 U.S.C. § 3161(h)(8)(A).

The Speedy Trial Act excludes from computation of the time between indictment and trial any delay resulting from the grant of a continuance, if the judge finds that the ends of justice served by granting a continuance outweigh the interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A); *see United States v. Eakes*, 783 F.2d 499 (5th Cir. 1986). The Parties respectfully contend that this is such a circumstance.

### III. Conclusion

If this Honorable Court grants this Joint Motion to Continue, on the "basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," Defendant and his counsel, understand that this would toll the speedy trial provisions of 18 U.S.C. § 3161.

The Parties submit that the ends of justice will be served by granting this continuance and no prejudice will befall either party.  This motion is made in good faith and not for purposes of delay.

For the above reasons, the Parties respectfully request that this Court continue the trial until a date on or after **January 23, 2023**, and to set the associated pretrial deadlines accordingly.

Respectfully submitted jointly and in agreement by the parties,

| For the Defendant: | For the United States of America: |
|---|---|
| /s/ Jeff Daniel Clark<br>JEFF DANIEL CLARK<br>Texas State Bar No. 24109732<br>J. Daniel Clark \| Attorney at Law<br>550 Reserve Street, Suite 190<br>Southlake, Texas 76092<br>817.953.8699<br>817.668.0659 (facsimile)<br>jdc@jdanielclark.com<br>www.jdanielclark.com | BRIT FEATHERSTON<br>UNITED STATES ATTORNEY<br><br>*/s/ Nathaniel C. Kummerfeld*<br>Nathaniel C. Kummerfeld<br>Assistant United States Attorney<br>Texas Bar No. 24060122<br>110 N. College, Ste. 700<br>Tyler, TX  75702<br>(903) 590-1400<br>(903) 590-1439 (fax)<br>Nathaniel.Kummerfeld@usdoj.gov |

/s/ Stephen Green
STEPHEN GREEN
8150 N. Central Expy.,
Suite M2070
Dallas, TX 75206
214-600-7255
Texas Bar No. 24082163
stephen@stephengreenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Joint Motion to Continue has been served on counsel of record via the court's CM/ECF system on August 29, 2022.

*/s/ Nathaniel C. Kummerfeld*
Nathaniel C. Kummerfeld
